# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1086V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran |
| ELIZABETH FORDAHL, | |
| Petitioner, | Filed: October 12, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

*Edward Kraus*, Kraus Law Group LLC, Chicago, IL, for Petitioner.

*Emily H. Manoso,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 19, 2021, Elizabeth Fordahl filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that her rheumatoid arthritis ("RA") was a result of her receiving the tetanus, diptheria, and acellular pertussis ("Tdap") vaccine on June 21, 2019. Pet. at 1.

This matter was originally assigned to a different special master, but reassigned to me on September 8, 2021. (ECF No. 16). I thereafter ordered Petitioner to file an expert report in support

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

of her claim, but she eventually determined that she could not do so, and later filed an Unopposed Motion to Dismiss the claim, which I granted. Decision, dated Feb. 28, 2022 (ECF No. 20).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 15, 2022 (ECF No. 23) ("Motion"). Petitioner initially requested a total of $24,858.97 (fees totaling $19,237.10, plus $5,621.87 in costs) for the services of her attorneys, Edward Kraus and Amy Kraus, and paralegals, from June 2020 to July 2022. Mot. at 1. Respondent opposed the fees request on July 27, 2022, arguing that the claim lacked reasonable basis. *See* Response, July 27, 2022 (ECF No. 24) ("Response") at 9. Petitioner reacted to Respondent's objection on August 26, 2022. *See* Reply, dated Aug. 26, 2022 (ECF No. 27) ("Reply").

On September 26, 2022, I issued a decision awarding Petitioner's Motion for Attorney's Fees and Costs. Decision, dated Sept. 26, 2022 (ECF No. 28). It was subsequently withdrawn on September 28, 2022, to afford Petitioner the opportunity to file an addendum to her Motion to include the fees incurred in replying to Respondent's challenge to reasonable basis. *See* Order, dated Sept. 28, 2022 (ECF No. 29). Petitioner requests an additional $9,176.40 in fees, increasing the sum of the total award requested to $34,035.37. *See* Addendum, dated Oct. 6, 2022 (ECF No. 30).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$34,035.37**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

This case was dismissed before Petitioner had filed an expert report in favor of her claim. But Respondent contends that Petitioner's failure to submit a single expert report underscores its objective deficiency. Response at 10. Specifically, Respondent notes that Petitioner consulted with three possible experts, then retained only one, but never submitted a report from him. *Id.* at 11. While a petitioner is not required to offer an expert report or medical opinion for the purposes of establishing whether reasonable basis exist, Respondent argues that because Petitioner had the opportunity to retain an expert, her inability to obtain that kind of support for her claim reveals its objective baselessness. Response at 10.

Petitioner's claim was ultimately unsuccessful, but I find it possessed sufficient objective basis to justify a fees and costs award. There is just enough objective record proof in support of the claim to deem the lenient standard applicable to reasonable basis inquiries met. Petitioner received the vaccine at issue and experienced the injury alleged, as corroborated by the medical record. Moreover, her onset of symptoms occurred approximately 30 days after receiving the

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

vaccination on June 21, 2019—a timeframe consistent with an autoimmune-induced process for other kinds of claims. Reply at 10.

Respondent highlights Petitioner's inability to obtain expert support for the claim. But I would deem that only significant, for reasonable basis purposes, if a petitioner had attempted *afterward* to pursue the claim, despite demonstrated knowledge of its causal deficiencies. One way that claims can "lose" reasonable basis in their course is after an expert expresses the view that the claim is not tenable. *Perreira*, 33 F.3d at 1377. Here, Dr. Samar Gupta (retained in November 2021) expressed a negative view to Petitioner about the claim's likely ultimate success, prompting the claim's dismissal. Reply at 12–13. The inability to offer an expert would have been meaningful if Petitioner had *thereafter* continued to seek to litigate her claim—but she did not.

I also note that the presence, or absence, of expert support for a claim is not something that generally bears on the reasonable basis inquiry (except in the manner just mentioned). Petitioners are *never* obligated to offer an expert report—it is not the kind of "objective" proof that a claim must have foundationally. Giving too much weight to the absence of expert support for a claim risks confusing the evidentiary standard applicable to whether a claim *succeeds* with the far lower evidentiary bar of objective reasonable basis. *Braun*, 144 Fed. Cl. at 78. Determining reasonable basis should (in most cases)[5] not involve ascertaining if the claim was a "long-shot"—it should simply involve whether some bare level of evidence existed to justify the claim's initiation.

I thus find that reasonable basis existed for this claim, and that there is no other grounds for a denial of fees. (I note, however, that present counsel should take care in the future to avoid bringing claims alleging that RA was vaccine-caused. This kind of claim has almost always failed, and in the absence of new scientific discoveries supporting it, continuing to advance such a claim will likely result in adverse reasonable basis determinations).

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

---

[5] The exception to this rule is when a claimant pursues a claim that the Program has repeatedly determined lacks scientific/medical support—for example, alleging that a vaccine caused a child's autism. In such a case, I would be comfortable denying attorney's fees on reasonable basis grounds even where objective issues like the injury could be substantiated.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| **Attorney** | 2020 | 2021 | 2022 |
|---|---|---|---|
| **Edward Kraus (Attorney)** | $435.00 | $458.00 | $472.00 |
| **Amy Kraus (Attorney)** | $365.00 | $384.00 | $414.00 |
| Paralegal | $160.00 | $170.00 | $170.00 |

ECF No. 23 at 4–11; ECF No. 30 at 40–41.

Mr. Kraus practices in Chicago, IL—a jurisdiction that has been deemed "in forum." Accordingly, he and his colleagues should receive forum rates as established in *McCulloch*. *See McHenry v. Sec'y of Health & Hum. Servs.*, No. 17-2009V, slip op. at 3 (Fed. Cl. Spec. Mstr. April 30, 2021). The rates requested are also consistent with what has previously been awarded to the attorneys and paralegals in question, in accordance with the Office of Special Masters' fee schedule.[6] *Fulling v. Sec'y of Health & Hum. Servs.*, No. 18-1549V, slip op. at 3 (Fed. Cl. Spec. Mstr. July 11, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable given its short lifespan. I will therefore award all fees requested without adjustment (including the recently-substantiated fees associated with the reasonable basis dispute).

### III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 26, 2022).

Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $5,621.87 in outstanding costs, including the filing fee, medical record retrieval costs, and costs associated with the work of a single expert, Samar Gupta, M.D. Dr. Gupta reviewed Petitioner's medical records and relevant medical literature, but did not author any expert reports. He submitted an invoice for a total of $5,000.00 (at an hourly rate of $500.00 for 10 hours of work). The total amount for his services was wholly reasonable for the work performed—especially since his input resulted in the claim's resolution—and I do not find any reason to make any reductions. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction. ECF No. 23 at 20, 34. All are commonly incurred in the Vaccine Program, and are reasonable herein. All other requested costs shall also be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$34,035.37** reflecting $28,413.50 in attorney's fees and $5,621.87 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.